UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ABDUR RAHIYN-AMIR,
                          Plaintiff

             v.                                       Civil No. 1:04-CV-121
                                                                (FJS/RFT)

INTERNATIONAL HOUSE OF PANCAKES,
MICHAEL AND MELISSA SMITH, *et al.*,
                        Defendants.

RANDOLPH F. TREECE
United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

      This litigation has been problematic almost from the start. This action was initiated on February 3, 2004, with a filing of a Complaint pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, and the N.Y. EXEC. LAW §§ 296 and 297, against four Defendants. The owner of this particular restaurant, Bellamy of Corinth, Inc., defaulted as to liability, and we presume that this corporation is maybe less than financially viable and thus judgment proof. *See* Dkt. No. 44 at p. 4. Upon further investigation, it was determined that International House of Pancakes, Inc. (IHOP) could not be held liable in this matter because of the terms of the Franchise Agreement. A Stipulation to Discontinue as to IHOP has been rendered into an Order. *See* Dkt. Nos. 48 & 50. Because of these legal complications that have essentially removed the possible principal Defendants in this case, the only remaining Defendants in this action are Michael and Melissa Smith, who, at best, were employees with some supervisory responsibilities. And, as we have previously noted, the

Smiths' obvious financial circumstances most certainly precluded them from obtaining an attorney to help defend them, and presumably such penury has contributed to their lack of attention to their defense of this matter. Thus, we must grapple with a pending Motion for Sanctions.

Plaintiffs filed a Motion for Sanctions seeking, *inter alia*, that the Smiths be precluded from presenting any proof at trial on their behalf. Dkt. No. 53. Within this Motion, Plaintiffs rightfully mention that the Smiths have failed to comply with previous Discovery Orders. *See* Dkt. Nos. 41 and 52. Within the June 2, 2005 Order, we specifically warned the Smiths that failure to abide by this Order would certainly lead to sanctions, including striking their answer and declaring them in default. *Id*. Yet, in light of the Smiths' financial conundrum, this Court extended another opportunity for the Smiths to become engaged in their defense and possibly sidestep this Motion.

In this Court's view, but for this case having pending jurisdiction over the state Human Rights claims, there may not be a viable claim against the Smiths. In essence, there appears to be a feasible defense, at least as to the Smiths, to this lawsuit, in particular the federal claims. Considering these relative facts, this Court issued an Order appointing David W. Novak, Esq., to represent the Smiths. Dkt. No. 54, Order, dated Feb. 6, 2006. Notwithstanding the appointment of counsel to assist the Smiths, neither Attorney Novak nor this Court has been able to communicate with them and persuade them to go forward with their defense. Attorney Novak filed a Status Report with this Court advising of his efforts to communicate with the Smiths, but to no avail. Dkt. No. 55. After receiving counsel's Report, this Court, likewise, sent correspondence to the Smiths informing them, again, that this Court had appointed an attorney to represent them and further importuning them to reach out to Attorney Novak so that he may proceed in helping them. Dkt. No. 56. A similar absence of a response was had.

Striking a pleading and declaring a party in default is a drastic remedy, which should be in all cases a matter of last resort.  Following the instructions from the Second Circuit and cleaving the "interests of justice" standard, this Court has done all that we can to provide the Smiths with notice of the consequences for their failure to abide by discovery demands and discovery orders, and to extend a safety net to them by appointing counsel to assist them, which could have resurrected their defense and avoided the ultimate sanctions described above.  Their failure to correspond with this Court after numerous overtures from various sources inevitably and even unfortunately leads this Court to make the only recommendation reasonably practicable under these circumstances.

**WHEREFORE**, based on the foregoing, it is hereby

**ORDERED**, that Plaintiffs' Motion for Sanctions (Dkt. No. 53) is **Granted**; and it is further

**ORDERED**, that David W. Novak, Esq., is no longer appointed counsel of record for Melissa and Michael Smith and the Clerk of the Court shall terminate him the Docket Report; and it is further

**RECOMMENDED**, that Melissa and Michael Smiths's Answer be withdrawn and that they be declared in default; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order, by regular mail, upon the parties to this action, including Mr. Novak, as well as Michael And Melissa, 1 Church Street, Rensselaer, New York 12144, their last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y*

*of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), 6(a), & 6(e).

**IT IS SO ORDERED**.

Dated: June 1, 2006
       Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge